**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GLENDA SUSANA POLANCO, | No. 07-73662 |
| Petitioner, | Agency No. A099-523-391 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

  Glenda Susana Polanco, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We reject Polanco's claim that she is eligible for asylum and withholding of removal based on her membership in a particular social group. *See Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 (9th Cir. 2010) (rejecting as a particular social group "former material witnesses for the United States government"); *see also Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009) (rejecting a proposed particular social group of "government informants"). Accordingly, because Polanco failed to demonstrate that she was or will be persecuted on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. *See Soriano*, 569 F.3d at 1166-67.

To the extent Polanco contends she is a member of particular social group distinct from that considered and rejected by the BIA, we lack jurisdiction to

consider the contention because she did not exhaust it. *See Barron v. Ashcroft*, 358

F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**